# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ZEFERINO MARTINEZ, M.D.,** | **CIVIL ACTION NO.:** |
| *Plaintiff* | |
| v. | |
| **UPMC SUSQUEHANNA,** | **JURY TRIAL DEMANDED** |
| *Defendant* | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Zeferino Martinez, M.D. ("Plaintiff Martinez"), a former employee of UPMC Susquehanna ("Defendant"), who has been harmed by the Defendant's discriminatory actions, ultimately resulting in the termination of his employment.

2. This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

### II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claim is substantively based on the ADEA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Martinez's claim arising under the PHRA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Martinez's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On November 30, 2018, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Martinez has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES

7. Plaintiff, Zeferino Martinez, M.D. ("Plaintiff Martinez"), is a seventy (70) year old citizen of the Commonwealth of Pennsylvania, residing therein at 11 Valley Green Drive, Danville, Pennsylvania 17821.

8. Defendant, UPMC Susquehanna ("Defendant"), is a non-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 24 Cree Drive, Lock Haven, Pennsylvania 17745.

9. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADEA and the PHRA, and has been, and is, subject to the provisions of each said Act.

## IV. STATEMENT OF FACTS

11. Plaintiff Martinez is a highly educated and experienced physician. Plaintiff Martinez completed his undergraduate education at Ateneo Fuente in Saltillo, Mexico and graduated from the University of San Luis Potosi, Mexico with his medical degree in 1973. Thereafter, Plaintiff Martinez completed his residency in general surgery at St. Vincent's Medical Center in New York in or about 1977 and his residency in orthopedic surgery at Memorial Hospital of Newfoundland in St. John's, Canada in or about 1981. Additionally, Plaintiff Martinez completed a spine fellowship at St. Luke's Episcopal Hospital in Houston, Texas in 1982 and received Board Certification as an Orthopedic Surgeon in 1986.

12. With more than four decades of experience as an Orthopedic Surgeon, Plaintiff Martinez has assembled an outstanding track record in academia and in provider-based medical practice. Notably, prior to commencing employment with the Defendant and its predecessor, Plaintiff Martinez served as an Orthopedic Surgeon for Geisinger, Bloomsburg Hospital from in or about 2008 until in or about October of 2013 and at Berwick CHS Hospital from in or about November of 2013 until in or about November of 2016. Additionally, Plaintiff Martinez served as Graduate Faculty Staff for Bloomsburg University from in or about 2010 until in or about 2016. In or about October

of 2016, Defendant and its predecessor actively recruited Plaintiff Martinez to fill the position of Orthopedic Surgeon.

13. Moreover, Plaintiff Martinez is actively involved in community affairs such as the Elks Children's Clinic for Uninsured. Further, Plaintiff Martinez is a member of various professional organizations including the International Congress for Joint Reconstruction, the American College of Surgeons, and the American Academy of Orthopedic Surgeons.

14. Plaintiff Martinez commenced employment with the Defendant's predecessor on or about December 1, 2016. In connection thereto, Plaintiff Martinez and Defendant's predecessor entered into a physician employment agreement for a term of thirty-six (36) months.

15. Upon commencing employment with the Defendant and its predecessor, Plaintiff Martinez served as the sole Orthopedic Surgeon.

16. On or about October 1, 2017, Defendant acquired its predecessor. Prior to said acquisition, Defendant's representatives visited Plaintiff Martinez's office and informed him that his contract with Defendant's predecessor would continue with the Defendant.

17. Shortly after the October 1, 2017 acquisition date, Defendant's representatives began to plan for Plaintiff Martinez's continued employment with Defendant. By way of elaboration, Defendant's representatives discussed with Plaintiff Martinez the purchasing and/or leasing of equipment, including, but not limited to, a microscope and/or spine table, which Plaintiff Martinez required for his medical practice.

Additionally, representatives of Defendant discussed with Plaintiff Martinez the hiring of a new X-Ray Technician to assist Plaintiff Martinez and other physicians.

18. On or about November 3, 2017, Melissa Davis ("Davis"), Chief Operating Officer, and Matthew McLaughlin ("McLaughlin"), Executive Director of Musculoskeletal UPMC, abruptly terminated Plaintiff Martinez's employment, allegedly Because the Defendant was "moving in a different direction and [Plaintiff Martinez's] services were no longer needed." Davis and McLaughlin represented to Plaintiff Martinez that his termination "had nothing to do with [his] performance."

19. Curiously, at the time of his termination, Plaintiff Martinez had a full schedule of surgeries planned for the next several months.

20. Upon information and belief, following the termination of Plaintiff Martinez's employment, the Defendant hired John Hunter, D.P.M. ("Dr. Hunter"), Podiatrist, a significantly younger, less qualified, less experienced individual. Dr. Hunter specializes in Foot and Ankle Surgery and performs many of the same surgical Procedures performed by Plaintiff Martinez during his tenure of employment with Defendant and Defendant's predecessor. By way of elaboration, Plaintiff Martinez Frequently performed foot and ankle fracture and/or dislocation treatment, as well as foot and ankle ligament and tendon repair surgeries.

21. Following the termination of Plaintiff Martinez's employment, the Defendant posted a job opening for the position of "Orthopedic Surgery, Orthopedics at UPMC Susquehanna." Plaintiff Martinez applied for said position on three (3) separate occasions, yet never received a response from the Defendant to any of his applications.

22. Plaintiff Martinez believes and avers that the Defendant's articulated reason for his termination is pretextual and that Defendant actually terminated his employment and replaced him with Dr. Hunter, a substantially younger, less qualified, less experienced Podiatrist, solely based on Plaintiff Martinez's age (70).

### COUNT I
### (ADEA – Age Discrimination)
### Plaintiff Martinez v. the Defendant

23. Plaintiff Martinez incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth at length herein.

24. The actions of the Defendant, through its agents, servants and employees, in terminating Plaintiff Martinez's employment based on his age (70), constituted a violation of the ADEA.

25. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Martinez sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to suffer a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

### COUNT II
### (PHRA – Age Discrimination)
### Plaintiff Martinez v. the Defendant

26. Plaintiff Martinez incorporates by reference paragraphs 1 through 25 of this Complaint as though fully set forth at length herein.

27. The actions of the Defendant, through its agents, servants and employees, in terminating Plaintiff Martinez's employment based on his age (70), constituted a

violation of the PHRA.

28. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Martinez sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to suffer a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

29. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Martinez has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

30. Plaintiff Martinez incorporates by reference paragraphs 1 through 29 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Martinez requests that this Court enter judgment in his favor against the Defendant and Order that:

a. Defendant compensate Plaintiff Martinez for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Martinez with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Martinez liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

  d. Defendant pay to Plaintiff Martinez pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

  e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Martinez demands a trial by jury.

           SIDNEY L. GOLD & ASSOC., P.C.

           /s/Sidney L. Gold, Esquire

           SIDNEY L. GOLD, ESQUIRE
           I.D. NO.: 21374
           1835 Market Street, Ste. 515
           Philadelphia, PA 19103
           215.569.1999
           sgold@discrimlaw.net
           Attorney for Plaintiff

DATED: February 26, 2019

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 2-22-19

_____
ZEFERINO MARTINEZ, M.D., PLAINTIFF