# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZEFERINO MARTINEZ, M.D., | No. 4:19-CV-00327 |
| Plaintiff, | (Judge Brann) |
| v. | |
| UPMC SUSQUEHANNA, | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 12, 2019

## I. BACKGROUND

On May 30, 2019, Plaintiff, Zeferino Martinez, M.D., (hereinafter "Dr. Martinez"), filed a two-count age discrimination[1] amended complaint against Defendant, UPMC Susquehanna. On June 13, 2019,[2] Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition; for the reasons that follow, it is granted and the case dismissed.

---

[1] Count I is brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. Count II is brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*.

[2] Defendant filed a first motion to dismiss on May 3, 2019, that will be dismissed as moot as on May 30, 2019 Plaintiffs filed an amended complaint.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[3] and "streamlines litigation by dispensing with needless discovery and factfinding."[4] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[5] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[6]

Following the Roberts Court's "civil procedure revival,"[7] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[8] and *Ashcroft v. Iqbal*[9] tightened the standard that district courts must apply to 12(b)(6) motions.[10] These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[11]

---

[3] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[4] *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
[5] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[6] *Neitzke*, 490 U.S. at 327.
[7] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).
[8] 550 U.S. 544 (2007).
[9] 556 U.S. 662, 678 (2009).
[10] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[11] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[14] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[15]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[17]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[18] However, "the tenet that a court must accept

---

[12] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[13] *Iqbal*, 556 U.S. at 678.
[14] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[15] *Twombly*, 550 U.S. at 556.
[16] *Iqbal*, 556 U.S. at 679.
[17] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[18] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[19] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[21]

A plaintiff in an employment discrimination case does not need to establish a prima facie case in his or her complaint. The Third Circuit clarified this point recently, stating: "a complaint need not establish a prima facie case in order to survive a motion to dismiss."[22]

### B. Facts Alleged in the amended Complaint

The facts alleged in the amended complaint, which I must accept as true for the purposes of this motion, are as follows.

Dr. Martinez was employed by Susquehanna Health System, an organization that was ultimately acquired by, and renamed, UPMC Susquehanna. Seventy-year-

---

[19] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[20] *Iqbal*, 556 U.S. at 678.
[21] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[22] *Id* at 788.

old[23] Dr. Martinez has been a board-certified orthopedic surgeon since 1986. Dr. Martinez began his employment with Susquehanna Health System on December 1, 2016 with a thirty-six-month employment contract.

On October 1, 2017, UPMC Susquehanna acquired Susquehanna Health System. At that time, Dr. Martinez was "informed [] that his contract with Defendant's predecessor would continue with the Defendant."[24] Shortly thereafter, on November 3, 2017, UPMC Susquehanna "abruptly terminated Plaintiff Martinez's employment allegedly because the Defendant was 'moving in a different direction and Plaintiff Martinez's services were no longer needed.'"[25] Plaintiff was informed that his termination "had nothing to do with his performance."[26]

Dr. Martinez was replaced by "a significantly younger, less qualified, less experienced individual."[27] Another position for an orthopedic surgeon later opened up with UPMC Susquehanna. Dr. Martinez applied for this position on three separate occasions. Dr. Martinez was qualified for the position, but he never received a response from UPMC Susquehanna to any of his applications. This second position was also filled by "a significantly younger, less qualified, less experienced individual."[28]

---

[23] The complaint doesn't specify whether Dr. Martinez is seventy now, or was seventy at the time of his termination.

[24] ECF No. 11 at ¶ 16.

[25] *Id.* at ¶ 18.

[26] *Id.*

[27] *Id.* at 20.

[28] *Id.* at ¶ 22.

**C. Analysis**

Defendant argues Dr. Martinez's claims are not plausible because he was replaced by a podiatrist, who is not an appropriate comparator, as opposed to an orthopedic surgeon, who would be an appropriate comparator. And for that matter, his replacement was a podiatrist whose age was not alleged in the complaint. Moreover, the failure to hire allegations are "bare-bones" allegations that are mere legal conclusions.[29]

The central provision of the ADEA is 29 U.S.C. § 623, which provides, in relevant part, as follows:

§ 623. Prohibition of age discrimination

(a) Employer practices. It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

To establish an age discrimination claim under the ADEA, a plaintiff must allege that (1) he is forty years of age or older; (2) that UPMC Susquehanna took an adverse employment action against him; (3) that he was qualified for the position in question; and (4) that he was ultimately replaced by another employee "who was sufficiently younger to support an inference of discriminatory animus."[30]

---

[29] *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[30] *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009) (citations omitted).

Here, Dr. Martinez has failed to state a claim upon which relief may be granted. "The plaintiff must show that age was the 'but for' cause of the adverse action."[31] Dr. Martinez has offered no facts from which the Court may infer that he was terminated and later not hired based on age discrimination. To establish the 'but for' reason for UPMC Susquehanna's termination and later failure to rehire him, Dr. Martinez simply states that the jobs were filled by "substantially younger" physicians. The ages and specialties of these alleged comparators are not alleged.

"While the plaintiff does not have to establish all of the elements of the prima facie case, [he] is at least expected to offer enough factual evidence to 'raise a reasonable expectation that discovery will reveal evidence of' those elements."[32] "Simply stating that a 'substantially younger' person was hired instead of the plaintiff is not enough to show an inference of discrimination."[33] This is a legal conclusion, not a factual allegation.[34]

Defendant's motion will be granted without leave to amend. Plaintiff has already amended his complaint once in response to an earlier motion to dismiss, and

---

[31] *Cauler v. Lehigh Valley Hosp., Inc.*, No. 15-CV-01082, 2015 WL 2337311, at *2 (E.D. Pa. May 14, 2015), *aff'd*, 654 F. App'x 69 (3d Cir. 2016), and *aff'd*, 654 F. App'x 69 (3d Cir. 2016) *citing Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 176, (2009).

[32] *Id. citing Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (*quoting Twombly*, 550 U.S. at 556).

[33] *Id.*

[34] *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir.1995) (explaining how the determination of whether an employee is "sufficiently younger" is made by the fact-finder in looking at the ages of both the plaintiff and the employee who was hired and the other circumstances of the case) (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 681–82, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

he did not seek leave to file a second amended complaint in response to the instant motion. In this circumstance, and considering the paucity of the allegations advanced here, the Court is not required to permit a second amended complaint, *sua sponte*.[35]

### III. CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[35] *Cauler v. Lehigh Valley Hosp., Inc.*, 654 F. App'x 69, 73 (3d Cir. 2016) *citing Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir.2007) (establishing that district courts must *sua sponte* grant plaintiffs leave to amend only in civil rights cases: "In sum, we hold that in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint. This holding does not impose any undue burden on civil plaintiffs, nor does it risk plaintiffs suffering final judgment on the basis of a technical pleading defect. Here, Fletcher–Harlee was not caught unaware by the Court's entry of judgment, as it had notice of Pote's motion and every opportunity to amend its complaint beforehand.")